18302

The STATE, Respondent, v. Guy GILLIAM, Appellant
(140 S. E. (2d) 480)

312

*Joseph W. Hudgens, Esq.,* of Greenville, *for Appellant,*

*Messrs. C. Victor Pyle, County Solicitor,* of Greenville, and *Daniel R. McLeod, Attorney General,* and *J. McNary Spigner,* and *Edward B. Latimer, Assistant Atorneys Gen-*

*eral,* of Columbia, *for Respondent,*

*C. Victor Pyle, Esq., County Solicitor,* of Greenville, *for Respondent,*

*Joseph W. Hudgens, Esq.,* of Greenville, *for Appellant,*

February 10, 1965.

BRAILSFORD, Justice.

The defendant was convicted in the Greenville County Court on an indictment charging him with the offenses of housebreaking with intent to steal and grand larceny. He has appealed on a number of exceptions. Under our view of the case, we need consider only the exceptions to the

refusal of the trial judge to direct a verdict of not guilty because of insufficient evidence.

The indictment charged that on or before January 28, 1964, the defendant, in the County of Greenville, in the nighttime, broke into the place of business of Consolidated Oil Company, a corporation, and stole therefrom stamps of the value of more than twenty dollars. The scant testimony relied upon by the State to meet its initial burden of proving the *corpus delicti* came from the witness J. D. Dennis, principal stockholder and general manager of the company. He testified that following a telephone call received from the Greenville Police Department at an undisclosed hour on January 28, 1964, he "inspected" the place of business, which consisted of a Butler type building, partitioned into a large office at the front and shop and storage areas at the rear. The office contained four desks, one for the witness one for an employee described as office manager and two for other employees. Twelve to fifteen persons were employed by the company. Dennis did not testify as to the hour of his arrival on January 28, nor whether the business was then open or closed, nor to what day prior to January 28, he last visited or made any observations about the premises. He did testify that on this day he observed that a small pane of glass had been broken from one of the windows and the window latch was in an unlocked position. He "discovered" that a roll of five hundred five cent stamps was "missing" from the office manager's desk. The witness had purchased this roll of stamps several days before and had delivered it to the office manager who had charge of the posting of mail for the business.

The other witnesses were police officers. Their combined testimony put forward only one additional circumstance in any way suggestive of foul play. A print on a fragment from the glass pane, which was found on the ground beneath the window, was identified as having been made by one of the defendant's fingers.

In summary, the circumstances relied upon by the State to establish the commission of the crimes charged in the indictment were: The broken pane of glass, the unlocked position of the window latch, the absence of the stamps from an employee's desk, and the defendant's fingerprint found on a fragment of glass outside the building.

The evidence casts no light on whether the pane of glass was broken and the window unlatched from the outside in the nighttime or from the inside during business hours. The custodian of the stamps did not testify and no foundation was laid by evidence for an inference of theft from the fact that they were "missing" from his desk. The unexplained presence of defendant's fingerprint on a fragment of the broken pane outside the building might inculpate him if the evidence established that the building was feloniously entered and by this means, which, as has been seen, it fails to do.

We are convinced that the circumstances relied upon by the State, considered together, did not furnish such substantial evidence of the guilt of the defendant as to justify submission of the case to the jury. The law involved in passing upon the sufficiency of circumstantial evidence in a criminal case has been fully stated in *State v. Littlejohn*, 228 S. C. 324, 89 S. E. (2d) 924.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.