483 P.2d 508

STATE of New Mexico, Plaintiff-Appellee,

v.

Larry James **MIRELES**, Defendant-
Appellant.

No. 609.

Court of Appeals of New Mexico.

March 19, 1971.

Richard A. Bachand, Smith, Ransom & Deaton, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Richard J. Smith, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Convicted of burglary, § 40A–16–3, N.M. S.A. 1953 (Repl. Vol. 6), defendant appeals. He challenges the sufficiency of the evidence under two points. The two points involve: (1) fingerprint evidence and (2) consent to enter.

Manuel Campos was gone from his residence from 9:00 p. m. Friday evening until approximately 9:00 p. m. on Sunday evening. No one else was at home during this period. Upon leaving, he locked all doors. Upon returning, he found both the front and back doors open and discovered that various items of personal property were missing. He gave no one consent or permission to enter or take anything from the house during his absence. Campos did not know the defendant.

In addition to the doors, a front window was open. This window, according to Campos, " * * * normally is locked by a latch from the inside. In order to gain entrance that window would have to have been forced open."

On the evening that Campos discovered the theft, a detective checked for fingerprints. Prints were found on the front window and identified as being those of defendant. The detective testified: " * * they were on the inside of the window where a subject had to insert both hands inside the window and then pull the window, thus stripping the cranking mechanism on the window, * * * * "

*Fingerprint evidence.*

Defendant asserts " * * * it would be mere speculation to infer from the circumstantial evidence of fingerprints on an open outside window next to the front door, that the defendant entered the house and removed the property therefrom. * * * " He relies on State v. Gilliam, 245 S.C. 311, 140 S.E.2d 480 (1965). That case held there was insufficient evidence of housebreaking with intent to steal. The evidence held to be insufficient was a

broken pane of glass, the unlocked position of a window latch, absence of stamps from an employee's desk and defendant's fingerprint on a fragment of the broken glass. In so holding, State v. Gilliam, supra, points out there was no evidence for an inference of theft from the fact that stamps were missing from a desk. The opinion states:

"* * * The unexplained presence of defendant's fingerprint on a fragment of the broken pane outside the building might inculpate him if the evidence established that the building was feloniously entered and by this means, * * *"

In this case the evidence is clear that the residence had been entered with an intent to commit theft. Various items of personal property had been stolen. The testimony of Campos is that "* * * to gain entrance that window would have to have been forced open." Defendant's prints were on the inside portion of the window "* * * where a subject had to insert both hands * * * and then pull the window, * *" Under these circumstances, not only is the decision in State v. Gilliam, supra, inapplicable, but the evidence unerringly points to defendant as the one who entered the house and stole the property. Avent v. Commonwealth, 209 Va. 474, 164 S.E.2d 655 (1968); Lawless v. State, 3 Md.App. 652, 241 A.2d 155 (1968).

*Consent to enter.*

■ Campos unequivocally testified that no one had authority to enter or remove items from his residence during his absence. Defendant asserts this evidence is insufficient to show an "unauthorized entry" under § 40A–16–3, supra, because "* * * there is no evidence of any kind as to want of consent to entry by Mrs. Campos. * *" The evidence sustains the inference that Mrs. Campos was also living at the residence during all material times.

Defendant relies on Stallworth v. State, 167 Tex.Cr.R. 19, 316 S.W.2d 417 (1958).

That case holds that where the owner of the burglarized premises testifies, then lack of consent may not be proven by circumstantial evidence. We do not follow such a restrictive rule. New Mexico does not restrict the method of proving unauthorized entry. It may be proved by circumstantial evidence. State v. Gonzales (Ct.App.), 82 N.M. 388, 482 P.2d 252, decided January 22, 1971; State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct.App.1967). Further, Stallworth v. State, supra, is not in point because here there is direct evidence of an unauthorized entry.

What defendant seeks is a rule that unauthorized entry is not proved unless every person who could consent to entry testifies that consent was not given. We reject such a requirement. The State had the burden of proving an unauthorized entry under § 40A–16–3, supra. This statute does not require that the proof be by testimony from everyone who could consent to entry.

Since the statute does not impose the requirement for which defendant contends, the burden on the State then is proof of unauthorized entry beyond a reasonable doubt. While the absence of testimony from a person who could have consented is a factor for the jury to consider, if such evidence is presented, nevertheless such is an evidentiary matter. Absence of such testimony does not prevent the question of unauthorized entry from being submitted to the jury if there is evidence from which the jury could find an unauthorized entry. See State v. Parker, 80 N.M. 551, 458 P.2d 803 (Ct.App.1969). In this case there is both direct and circumstantial evidence of unauthorized entry. That evidence is substantial and supports the jury's verdict that the entry was, in fact, unauthorized. Compare State v. Gonzales, supra.

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.