22557

The STATE, Appellant v. Troy CHAPMAN, Respondent.

(344 S. E. (2d) 611)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for appellant.*

*James O. Thomason,* Spartanburg, *for respondent.*

Heard April 22, 1986.

Decided May 27, 1986.

HARWELL, Justice:

The trial court quashed respondent's indictment based on the state's failure to give him a speedy trial. We reverse and remand.

On October 20, 1979, respondent was indicted for assault and battery with intent to kill Bill Queen. When Bill Queen was shot to death a couple of weeks later, respondent was arrested for his murder. At the January 10, 1980 preliminary hearing, the magistrate dismissed the murder charge due to lack of probable cause. On September 14, 1984, respondent was again arrested for the murder of Bill Queen. A preliminary hearing was held on October 11, 1984. According to the evidence presented by the state at this second preliminary hearing, the victim's girlfriend saw respondent and the victim fighting. As the girlfriend ran to get help, she heard gunshots. She ran back and saw the respondent standing over the victim's body. The girlfriend testified that she did not come forward sooner because respondent had threatened to kill her if she told anyone what she had seen. When her fiance conducted a background check on her in 1984, she revealed her story to the Spartanburg police. The magistrate found that probable cause existed and forwarded the case to the grand jury, which returned a true bill on the indictment. Respondent's speedy trial motion was heard on June 17, 1985, one day before respondent's trial was scheduled to begin. The trial court judge quashed the indictment on the basis that the 5½ year delay between respondent's first

arrest and the motion to quash constituted a denial of his Sixth Amendment right to a speedy trial.

The Sixth Amendment of the United States Constitution provides that an accused shall enjoy a speedy trial. This constitutional right has been applied to the states, through the Fourteenth Amendment, in *Klopfer v. North Carolina,* 386 U. S. 213, 87 S. Ct. 988, 18 L. Ed. (2d) 1 (1967) and recognized by this Court in *Wheeler v. State,* 247 S.·C. 393, 147 S. E. (2d) 627 (1966). This right is also provided in Article 1 § 14 of the South Carolina Constitution. In *Barker v. Wingo,* 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. (2d) ·101 (1972), the United States Supreme Court adopted a four-part balancing test to determine whether a defendant has been denied his right to a speedy trial. That test assessed: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. 407 U. S. at 530, 92 S. Ct. 2192, 33 L. Ed. (2d) at 117. These factors have been recognized by this Court. *State v. Tyson,* 283 S. C. 375, 323 S. E. (2d) 770 (1984), *cert. denied,* _____ U. S. _____ , 105 S. Ct. 1873, 85 L. Ed. (2d) 165 (1985); *State v. Waites,* 270 S. C. 104, 240 S. E. (2d) 651 (1978); *State v. Foster,* 260 S. C. 511, 197 S. E. (2d) 280 (1973).

To determine the length of the delay, we must ascertain when the defendant's right to a speedy trial began to run in this case. The crucial issue is what effect the dismissal of a charge and the subsequent re-institution of this charge have in determining when the defendant's right to a speedy trial begins to run. In making this determination, we must consider the purpose of the speedy trial guarantee.

> The Sixth Amendment right to a speedy trial is thus not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the due process clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but never the less substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

Once charges are dismissed, the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation.

*United States v. McDonald*, 456 U. S. 1, 8-9, 102 S. Ct. 1497, 1502, 71 L. Ed. (2d) 696, 704 (1982). In the recent case of *United States v. Loud Hawk*, 474 U. S. _____ , 106 S. Ct. 648, 88 L. Ed. (2d) 640 (1986), the United States Supreme Court held that the time during which the indictment was dismissed and respondents were free of all restrictions on their liberty should be excluded from the length of delay considered under the Speedy Trial Clause of the Sixth Amendment. Consideration of respondent's speedy trial motion, therefore, properly encompassed only the three months between his initial arrest and the dismissal of charges and the nine months between the second arrest and the motion to quash. The total length of delay which should be considered under respondent's speedy trial motion is one year.

Secondly, we must consider the reason for the delay. A portion of the delay was caused by the normal condition of the docket. Any delay beyond this was due to the state's efforts to locate a witness, who also was being sought by respondent. The delay was not caused by any willful neglect on the state's part. The constitutional guarantee of a speedy trial affords protection only against unnecessary or unreasonable delay. *State v. Waites*, 270 S. C. 104, 240 S. E. (2d) 651 (1978); *Wheeler v. State*, 247 S. C. 393, 147 S. E. (2d) 627 (1966).

Thirdly, respondent's first assertion of his right was the motion to dismiss. This motion was heard and granted the day before trial. Fourthly, respondent's alleged prejudice was the destruction of the crime scene, his witnesses' loss of memory, and his inability to find two witnesses. The state is also hampered by the first two considerations. One of the two witnesses had not been located, although the record was unclear on how much effort the respondent had made to find him. The other witness was located in Alabama by the state just prior to the speedy trial hearing. In *State v. Waites*, 270 S. C. 104, 109, 240 S. E. (2d) 651, 654 (1978), we held that "respondent's bare assertion of prejudice because his principal witness moved to another

state is insufficient to warrant the lower court's conclusion that respondent suffered actual prejudice thereby."

The trial judge erred in dismissing the indictment on speedy trial grounds. We reverse and remand this case for trial.

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.