535 S.E.2d 126

**The STATE, Petitioner,**

v.

**Bennie Darren MITCHELL, Respondent.**

**No. 25166.**

Supreme Court of South Carolina.

Heard Dec. 15, 1999.

Decided July 6, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General G. Robert Deloach, III, all of Columbia; and Solicitor William Townes Jones, IV, of Greenwood, for petitioner.

Assistant Appellate Defender Robert M. Pachak, of Office of Appellate Defense, of Columbia, for respondent.

FINNEY, Chief Justice:

This case is before the Court on a writ of certiorari to review the Court of Appeals' decision in *State v. Mitchell*, 332 S.C. 619, 506 S.E.2d 523 (Ct.App.1998). We affirm, finding as did the Court of Appeals that respondent was entitled to a directed verdict on the burglary charge.

## DISCUSSION

A person is guilty of burglary in the first degree if he enters a dwelling without consent and with intent to commit a crime in the dwelling, and at least one of three aggravating factors is proven. S.C.Code Ann. § 16–11–311 (Supp.1999). Section

16–11–311(A)(2) lists one of the aggravating factors as burglary committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both. ·It was stipulated at trial that respondent had a prior record of two or more convictions. The State was therefore required to prove entry into the dwelling without consent, with the intent to commit a crime.

The evidence relied upon by the State was entirely circumstantial. There was testimony from Hugh Mathis (victim) that on September 7, 1995, he came home for lunch and noticed that there were ten (10) bottles of beer in the refrigerator at noon but that night when he came home no beer was there. The victim testified that he questioned his children and determined that they has nothing to do with the disappearing beer. On September 13, 1995, the victim went into a spare room in his house and kicked a piece of glass. The victim testified that he pushed the blind back and noticed a hole in the glass, and that the window was unlocked. The victim then checked his valuables and noticed that two guns were missing. Victim reported this to the police.

Victim testified that respondent had been over to his residence on a couple of occasions. Respondent helped the victim's son unload furniture. Respondent had also attended a social gathering at the victim's home which lasted for about forty-five (45) minutes to one hour.

A police officer testified that the day after the burglary was reported, he went to victim's home. He found glass on the spare room's floor covered by a blanket, and a broom against the wall where it appeared that someone attempted to sweep the glass up and conceal it beneath the blanket. There was no glass on the exterior of the house, but there was a screen that the officer was able to get an identifiable fingerprint. The fingerprint matched that of the respondent.

The respondent moved for a directed verdict on the burglary charge. The trial judge denied the motion and respondent was convicted. On appeal, the Court of Appeals concluded that the State failed to present substantial circumstantial evidence and therefore respondent was entitled to a directed verdict. *State v. Mitchell, supra.*

■ The State contends that the Court of Appeals applied an incorrect direct verdict standard.[1] We disagree.

■ When a motion for a direct verdict is made in a criminal case where the State relies exclusively on circumstantial evidence, the lower court is concerned with the existence or nonexistence of evidence, not with its weight. *State v. Edwards*, 298 S.C. 272, 379 S.E.2d 888 (1989). The lower court should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty. *Id.* The trial judge is required to submit the case to the jury if there is **"any substantial evidence** which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced." *Id.; State v. Martin*, 340 S.C. 597, 533 S.E.2d 572 (2000) (emphasis added). In reviewing a denial of a motion for a directed verdict, the appellate court must view the evidence in the light most favorable to the State. *State v. Childs*, 299 S.C. 471, 385 S.E.2d 839 (1989).

■ The evidence in this case is entirely circumstantial. The only evidence linking respondent to the burglary is the fingerprint. The State did not present any evidence whether the screen was on the window at the time the window was broken or when the screen had been removed. The fact that respondent's fingerprint was on a screen that was propped up against the house does not prove entry where respondent had been in and around the victim's house as least three times prior to the burglary. *Compare State v. Gilliam*, 245 S.C. 311, 140 S.E.2d 480 (1965). The decision of the Court of Appeals holding respondent was entitled to a directed verdict is

AFFIRMED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.

---

1. To support this contention, the State relies upon *State v. Grippon*, 327 S.C. 79, 489 S.E.2d 462 (1997). In *Grippon*, we discussed circumstantial evidence jury charges, holding that if a jury is properly charged on reasonable doubt, then the trial judge may properly charge a jury that there is no distinction between the weight or value to be given to direct or circumstantial evidence. *Grippon* addresses jury charges, not the proper standard for a judge to use in ruling on directed verdict motions. Furthermore, a jury weighs evidence but when there is an absence of evidence, it becomes the duty of the trial judge to direct a verdict. *State v. Schrock*, 283 S.C. 129, 322 S.E.2d 450 (1984).