PER CURIAM:

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Joseph Holman,       
Appellant.
 
 
 

Appeal From Bamberg County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2003-UP-353
Submitted May 12, 2003  Filed June 
 3, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. 
 McIntosh, Assistant Deputy Attorney General Charles H. Richardson and Assistant 
 Attorney General David A. Spencer, all of Columbia; and Solicitor Barbara R. 
 Morgan, of Aiken, for Respondent.
 
 
 

 PER CURIAM:  Affirmed pursuant to Rule 220(b)(2), SCACR, and 
 the following authorities: State v. Mitchell, 341 S.C. 406, 409, 535 
 S.E.2d 126, 127 (2000) (holding the trial court is concerned with the existence 
 of evidence, not with its weight, in deciding whether to grant a motion for 
 a directed verdict); State v. Burdette, 335 S.C. 34, 46, 515 S.E.2d 525, 
 531 (1999) (holding an appellate court must view the evidence in the light most 
 favorable to the State in an appeal from a denial of a directed verdict); State 
 v. Pinckney, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000) (holding if there 
 is any direct evidence or substantial circumstantial evidence that reasonably 
 tends to prove the defendants guilt or from which his guilt may be logically 
 deduced, the appellate court must find the case was properly submitted to the 
 jury); see State v. Prince, 316 S.C. 57, 65, 447 S.E.2d 177, 182 
 (1993) (holding one witness testimony that defendant had solicited him to hire 
 a hit man was sufficient evidence to withstand a motion for a directed verdict 
 on a conspiracy charge); State v. Scott, 330 S.C. 125, 128-32, 497 S.E.2d 
 735, 737-39 (Ct. App. 1998) (holding the trial courts denial of a motion for 
 a directed verdict was proper because the jury reasonably could have concluded 
 defendant was guilty of breach of trust with fraudulent intent based on the 
 evidence presented, which included the testimony of several witnesses); State 
 v. Creech, 314 S.C. 76, 82-83, 441 S.E.2d 635, 638-39 (Ct. App. 1993) (holding 
 the trial court did not err in denying defendants motion for a directed verdict 
 on the charge of assault and battery of a high and aggravated nature because 
 the testimony of several police officers was more than sufficient to submit 
 the case to the jury).
AFFIRMED.[1]
GOOLSBY, HOWARD, JJ., and BEATTY, Acting Judge, concur.

 
 [1] Because oral argument 
 would not aid the Court in resolving any issue on appeal, we decide this case 
 without oral argument pursuant to Rule 215, SCACR.