THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Tyson Mack,       
Appellant.
 
 
 

Appeal From Sumter County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2004-UP-549
Submitted October 1, 2004  Filed October 
 27, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender 
 Tara S. Taggart, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Assistant Attorney General W. Rutledge Martin, all of Columbia, and Solicitor 
 Cecil Kelley Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Tyson Mack appeals his second-degree 
 burglary conviction, arguing the trial court erred in refusing to grant him 
 a directed verdict.  We affirm. [1] 
BACKGROUND
Officers Evans and Kearney of the Sumter 
 Police Department were dispatched to a sportswear store at 4:20 a.m.  When they 
 arrived at the store, they learned it had been broken into and clothing had 
 been removed.  They immediately began a search of the area and quickly located 
 Mack in a nearby vacant lot.  He was carrying a large trash bag, sweating, and 
 breathing heavily.  The officers stopped and as Evans approached, Mack dropped 
 the bag, which contained a large amount of clothes on hangers with the tags 
 still on them.  The officers then arrested Mack.  The police later showed the 
 clothes to the stores owner, who identified them as his merchandise.  
DISCUSSION
Mack concedes the State presented evidence 
 he was guilty of receiving or possessing stolen goods and does not dispute the 
 sportswear store was burglarized.  However, he contends he was entitled to a 
 directed verdict on the burglary charge because the State failed to establish 
 he was the person who broke into the store.  We find the court properly denied 
 Macks motion.
In ruling on a directed verdict motion, 
 the trial court is concerned with the existence of evidence, rather than with 
 its weight.  State v. Mitchell, 341 S.C. 406, 409, 535 S.E.2d 126, 127 
 (2000).  A defendant is entitled to a directed verdict when the State fails 
 to produce any direct or substantial circumstantial evidence of the offense 
 charged.  State v. Rothschild, 351 S.C. 238, 243, 569 S.E.2d 346, 348 
 (2002).  Where the evidence is circumstantial, the court must submit the case 
 to the jury if there is substantial evidence that reasonably tends to prove 
 the defendants guilt or from which guilt can be logically deduced.  State 
 v. Williams, 321 S.C. 327, 332, 468 S.E.2d 626, 629 (1996).  On appeal from 
 the denial of a directed verdict, this court reviews the evidence in the light 
 most favorable to the non-moving party.  State v. Asbury, 328 S.C. 187, 
 194, 493 S.E.2d 349, 353 (1997).  
In State v. Shields, 217 S.C. 496, 61 S.E.2d 
 56 (1950), our supreme court affirmed the denial of a directed verdict on a 
 burglary charge where the defendant was found in possession of recently stolen 
 goods taken during an undisputed burglary.  
Here, as in Shields, Mack was found in possession 
 of recently stolen goods taken during an undisputed burglary.  The incident 
 occurred in the very early hours of the morning, and the officers responding 
 to the complaint arrived at the scene quickly.  They spotted Mack approximately 
 a block away from the burglarized business and the record contains no evidence 
 any other individual was in the vicinity at that time.  When the officers approached 
 Mack, he dropped the large bag he was carrying, which contained the stolen clothes, 
 still on hangers and bearing the stores tags.  Viewed in the light most favorable 
 to the State, this constitutes substantial evidence from which Macks guilt 
 could be deduced.  Thus the trial court properly submitted the charge to the 
 jury.
AFFIRMED.
Stilwell, Beatty, and Short, JJ., concur. 

 
 
 [1]         We decide this case without oral argument pursuant to Rule 
 215, SCACR.