THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(1), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In The Interest of John Thomas E., Jr. A Minor Under The Age of Seventeen,       
Appellant.
 
 
 

Appeal From Pickens County
Alvin D. Johnson, Family Court Judge

Unpublished Opinion No.  2005-UP-214
Submitted March 1, 2005  Filed March 24, 2005

AFFIRMED

 
 
 
Bruce A. Byrholdt,  of Anderson, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM: John Thomas E., Jr. appeals from his adjudication of delinquency, arguing the family court failed to direct a verdict of acquittal on two charges of auto breaking and two counts of petit larceny.  We affirm.[1]
FACTS
On February 20, 2001, a bus driver called the Clemson University campus police to report a suspicious vehicle in one of the University parking lots.  The driver observed the vehicle, a white Ford Explorer, on row four of a residential parking lot at 12:45 a.m.  Approximately five minutes later, the Explorer was idling on row ten of the lot, but its lights had been turned off. Thinking the occupants in the vehicle might need a ride to another campus location, the bus driver stopped in an adjacent row and opened the bus door.  Once the door opened, the driver of the Explorer turned on the lights, drove in reverse down row ten, and turned out of the parking lot. 
Campus police officers, who were responding to the bus drivers call, saw the Explorer exiting another campus parking lot.  One officer, Officer Smith, stopped the vehicle, and explained to the driver what had been reported.  Smith further explained that numerous cars had recently been broken into while parked in campus lots, and in an effort to clear this up very quickly, asked if he could search the vehicle.  The driver consented to a search.
To conduct the search, Officer Smith asked the other two occupants in the Explorer to step out of the vehicle.  Appellant John Thomas was the front seat passenger. 
Inside the vehicle, Officer Smith found two car radios and numerous tools lying on the floor in the back seat.  In the front of the car, he found a window busting tool and miscellaneous car parts on the floor in front of the passengers seat. 
As Officer Smith searched the vehicle, two other officers who were on the scene separated the occupants of the vehicle.  Appellant requested to speak with Officer Smith.  Upon this request, he was brought to Officer Smiths car, where he made a statement. 
In this statement, Appellant admitted to sneaking out of his house and driving to Wal-Mart with his two friends.  He claimed they were going to the Wal-Mart parking lot to play with a remote control car.  Because the remote control car broke, they left Wal-Mart and went to the Clemson parking lots where his friends broke into a number of vehicles.  Appellant then rode with Officer Smith and pointed out three vehicles in three different lots that had been broken into.  
While riding with Officer Smith, Appellant continued to talk about the events of that evening.  Appellant explained that he was playing with his remote control car in a University parking lot when he heard a crash and then saw his friend running towards him with a car radio under his shirt.  At some point during the car ride with Officer Smith, Appellant also claimed that his friends had dropped him off at a store for approximately forty-five minutes while they stole a moped and went joyriding.  His friends then picked him back up, and all three proceeded to a strip mall parking lot where his friends broke into several cars.  After doing that, they proceeded to the campus parking lots.
Officer Smith testified that Appellant explained to him that he needed to be in a parking lot to play with his remote control car because the car was very fast and he needed an open area.  Both Officer Smith and the bus driver testified that the lots in which cars were broken into were quite full while other lots nearby were virtually empty.
After the State presented its case against Appellant, defense counsel moved for a directed verdict, arguing Appellant was merely present at the crime scene and there was no evidence he had participated in any crime.  The family court denied the motion.  The defense rested its case without presenting any witnesses, and counsel renewed his motion for directed verdict, which was again denied. 
The family court adjudicated Appellant delinquent, finding beyond a reasonable doubt he was guilty under the doctrine of the hand of one is the hand of all.  This appeal followed.
LAW/ANALYSIS
Appellant argues the trial court erred by failing to direct a verdict of acquittal on all four charges he faced.  Specifically, Appellant claims the State failed to prove any overt act by [him] to prove him guilty beyond a reasonable doubt . . .under a theory of the hand of one is the hand of all.  We disagree.
In reviewing the refusal to grant a directed verdict in a criminal case, the evidence is viewed in the light most favorable to the State to determine whether there is any direct or substantial circumstantial evidence which reasonably tends to prove the guilt of the accused, or from which guilt may be fairly and logically deduced.  State v. Pinckney, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000).  The court is concerned with the existence or nonexistence of evidence, not its weight.  State v. Mitchell, 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000).  
Under the hand of one is the hand of all theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design or purpose. State v. Condrey, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002). 
Viewing all the evidence in the light most favorable to the State, we find there was sufficient circumstantial evidence to deny the motion for a directed verdict.  A window busting tool was found on the floor in front of the seat in which Appellant was riding when the Explorer was stopped by campus police.  Furthermore, Appellants story about playing with his remote control car while his friends broke into cars was suspect considering he had told the officer that his remote control car had become broken in the Wal-Mart parking lot and considering the testimony of the bus driver who saw the Explorer inching its way around a parking lot as if the occupants were carefully choosing which cars to break into.  Furthermore, if Appellant were merely playing with his remote control car, there would be no reason to move from one parking lot to another, especially when each of those lots were nearly full with parked cars and other nearby lots were empty.  Appellants ability to directly lead Officer Smith to each vehicle also suggests he was actively involved in the crime spree.
All of the foregoing is substantial circumstantial evidence supporting the States theory that Appellant and his friends shared a common intent to break into vehicles when they drove to three different parking lots at Clemson University with a window busting tool in their vehicle.  Therefore, we find no error in the family courts denial of Appellants motion for a directed verdict.  
Accordingly, the family courts finding of delinquency is
AFFIRMED.
HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.