THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Raymond Jackson, Appellant.
 
 
 

Appeal From Spartanburg County
 Roger L. Couch, Special Circuit Court Judge

Unpublished Opinion No. 2006-UP-102
Submitted February 1, 2006  Filed February 17, 2006

APPEAL DISMISSED

 
 
 
Assistant Appellate Defender Tara S. Taggart, Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliot, Office of the Attorney General, all of Columbia; and Solicitor Harold W. Gowdy, III, for Respondent.
 
 
 

PER CURIAM:  Raymond Jackson appeals his conviction for distribution of crack cocaine.  He argues the trial court erred in denying a directed verdict of acquittal because the State did not present sufficient evidence of his guilt.  We review the refusal of a directed verdict in the light most favorable to the State.  State v. Creech, 314 S.C. 76, 441 S.E.2d 635 (Ct. App. 199).  In a criminal case, the trial court is concerned with the existence or nonexistence of evidence, not with its weight.  State v. Mitchell, 341 S.C. 406, 535 S.E.2d 126 (2000).  The trial court must submit the case to the jury if there is any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.  Id.  
In this case, the State presented ample evidence reasonably tending to prove Jacksons guilt.  Two police officers testified to the controlled drug purchase that led to the arrest of Jackson for distribution of crack cocaine.  The officers hired another individual to perform the purchase; that individual wore a wire during the transaction, which recorded Jackson, and identified Jackson in court as the purchaser of the crack cocaine.  Therefore, the trial court did not err in denying Jacksons motion for directed verdict.  Accordingly, after a thorough review of the record and Jacksons brief pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss[1] defendants appeal and grant counsels motion to be relieved. 
APPEAL DISMISSED.
HEARN, C.J., and ANDERSON and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.