**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Eric VanCleave, aka Eric N. VanCleave, Appellant.

Appellate Case No. 2013-000748

---

Appeal From Barnwell County
Doyet A. Early, III, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-444
Heard October 9, 2014 – Filed December 10, 2014

---

**AFFIRMED**

---

Robert T. Williams, Sr. and Benjamin Allen Stitely, both of Williams Hendrix Steigner & Brink, PA, both of Lexington, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

---

**PER CURIAM:** Eric VanCleave appeals his convictions for criminal sexual conduct (CSC) with a minor in the second degree, committing a lewd act upon a child, assault and battery of a high and aggravated nature, and CSC in the third

degree. VanCleave argues the circuit court erred in (1) denying his motion to dismiss the February 2013 indictments on the ground that his right to a speedy trial had been violated, (2) denying his motion to dismiss the February 2013 indictments on the ground that pre-indictment delay violated his due process rights, (3) refusing to exclude testimony on prior and other bad acts allegedly committed by him, and (4) denying his directed verdict motions. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in denying VanCleave's motion to dismiss the February 2013 indictments on the ground that his right to a speedy trial had been violated: *Barker v. Wingo*, 407 U.S. 514, 530, 533 (1972) (holding that in evaluating a speedy trial claim, the court must consider the length of and reason for the delay, the defendant's assertion of his right, the prejudice to the defendant, and any other relevant circumstances); *State v. Langford*, 400 S.C. 421, 442, 735 S.E.2d 471, 482 (2012), *cert. denied*, 134 S. Ct. 60, 187 L. Ed. 2d 51 (2013) ("A court's decision on whether to dismiss on speedy trial grounds is reviewed for an abuse of discretion."); *State v. Foster*, 260 S.C. 511, 514, 197 S.E.2d 280, 281 (1973) (explaining that the length of delay is merely a triggering mechanism which brings additional factors into consideration); *State v. Chapman*, 289 S.C. 42, 45-46, 344 S.E.2d 611, 613 (1986) (holding the bare assertion of a witness's unavailability is insufficient to warrant the conclusion that the defendant suffered actual prejudice thereby); *State v. Robinson*, 335 S.C. 620, 626, 518 S.E.2d 269, 272 (Ct. App. 1999) (finding the defendant failed to establish actual prejudice under a speedy trial analysis where the defendant generally asserted he had lost witnesses and documents that would have been available had the case been tried in a timely manner, but cited no specific witnesses or documents); *State v. Smith*, 307 S.C. 376, 381, 415 S.E.2d 409, 412 (Ct. App. 1992) (noting in a speedy trial analysis that the court was unable to determine whether the defendant was actually prejudiced by the witness's death because the defendant made no proffer as to what the witness would have testified); *id.* (rejecting the defendant's argument that witnesses' faded memories amounted to prejudice under a speedy trial analysis because the same disadvantage hampered the State).

2. As to whether the circuit court erred in denying VanCleave's motion to dismiss the February 2013 indictments on the ground that pre-indictment delay violated his due process rights: *State v. Brazell*, 325 S.C. 65, 72, 480 S.E.2d 64, 68 (1997) ("The United States Supreme Court has developed a two-prong inquiry when pre-indictment delay is alleged to violate due process."); *id.* ("First, the defendant has the burden of proving the pre-indictment delay caused substantial actual prejudice to his right to a fair trial."); *id.* at 72, 480 S.E.2d at 68-69 ("Second, if the

defendant shows actual prejudice, the court must consider the prosecution's reasons for the delay and balance the justification for delay with any prejudice to the defendant. If the court finds the delay was an intentional device to gain a tactical advantage over the accused, the court should dismiss the indictment."); *id.* at 73, 480 S.E.2d at 69 ("Substantial prejudice requires a showing that 'he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely effected [sic].'" (alteration in original) (quoting *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir.1996))); *id.* ("When the claimed prejudice is the unavailability of a witness, courts require that the defendant identify the witness he would have called [and] demonstrate, with specificity, the expected content of that witness' testimony . . . .").

3. As to whether the circuit court erred in refusing to exclude testimony on prior and other bad acts allegedly committed by VanCleave: Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Wallace*, 384 S.C. 428, 433-34, 683 S.E.2d 275, 278 (2009) (providing the following nonexclusive list of factors to consider in determining whether a prior bad act is admissible under the common scheme or plan exception: (1) the age of the victims at the time of the abuse; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or threats; and (5) the manner of the abuse); *State v. Gaines*, 380 S.C. 23, 29, 667 S.E.2d 728, 731 (2008) ("If the defendant was not convicted of the prior crime, evidence of the prior bad act must be clear and convincing."); *State v. Wilson,* 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) (stating the appellate courts are bound by the trial court's factual findings when considering whether there is clear and convincing evidence of other bad acts unless such findings are clearly erroneous).

4. As to whether the circuit court erred in denying VanCleave's directed verdict motions: Rule 19(a), SCRCrimP ("In ruling on [a directed verdict] motion, the trial judge shall consider only the existence or non-existence of the evidence and not its weight."); *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury.").

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**