**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Al Martinez Green, Appellant.

Appellate Case No. 2014-000603

---

Appeal From Lancaster County
R. Knox McMahon, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-205
Heard April 12, 2016 – Filed May 11, 2016

---

**AFFIRMED**

---

Jane Hawthorne Merrill, of Hawthorne Merrill Law, LLC, of Greenwood, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, for Respondent.

---

**PER CURIAM:** Al Martinez Green appeals his conviction for murder, arguing the trial court erred in denying his motion for a directed verdict. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Phillips*, Op. No. 27607 (S.C. Sup. Ct. refiled Apr. 20, 2016) (Shearouse Adv. Sh. No. 16 at 20, 24) ("In reviewing a motion for directed verdict, the trial court is concerned with the existence of evidence, not with its weight."); *id.* at 25 ("When the evidence presented merely raises a suspicion of the accused's guilt, the trial court should not refuse to grant the directed verdict motion."); *id.* ("However, the trial court must submit the case to the jury if there is 'any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.'" (quoting *State v. Mitchell*, 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000))); *id.* at 46 (stating that when ruling on a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the State); *State v. Larmand*, 415 S.C. 23, 32, 780 S.E.2d 892, 896 (2015), *reh'g granted*, (Dec. 23, 2015), *reh'g denied*, (Feb. 11, 2016) ("[O]ur duty is not to weigh the plausibility of the parties' competing explanations. Rather, we must assess whether, in the light most favorable to the State, there was substantial circumstantial evidence from which the jury could infer [the defendant]'s guilt."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("Therefore, although the *jury* must consider alternative hypotheses, the *court* must concern itself solely with the existence or non-existence of evidence from which a jury could reasonably infer guilt. This objective test is founded upon reasonableness. Accordingly, in ruling on a directed verdict motion where the State relies on circumstantial evidence, the court must determine whether the evidence presented is sufficient to allow a reasonable juror to find the defendant guilty beyond a reasonable doubt."); *State v. Pearson*, Op. No. 27612 (S.C. Sup. Ct. filed Mar. 23, 2016) (Shearouse Adv. Sh. No. 12 at 13, 23) (reversing this court's reversal of the denial of a directed motion, finding this court "weighed the evidence and erroneously required the State, at the directed verdict stage, to present evidence sufficient to exclude *every* other hypothesis of [the defendant]'s guilt").

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**