**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Devatee Tymar Clinton, Appellant.

Appellate Case No. 2014-000594

Appeal From Lancaster County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2016-UP-206
Heard April 12, 2016 – Filed May 11, 2016

**AFFIRMED**

Chad Nicholas Johnston, of Willoughby & Hoefer, PA, and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, for Respondent.

**PER CURIAM:** Devatee Clinton appeals his conviction for murder, arguing the trial court erred in (1) failing to find statements were admissible pursuant to the excited utterance or present sense impression exceptions to the hearsay rule and (2) denying his motion for a directed verdict. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the trial court erred in failing to admit hearsay statements: *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *State v. Hicks*, 330 S.C. 207, 216, 499 S.E.2d 209, 214 (1998) (holding matters not raised to or ruled upon by the trial court are not preserved for appellate review); *State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))); *State v. Howard*, 384 S.C. 212, 219, 682 S.E.2d 42, 46 (Ct. App. 2009) (finding an exclusion of evidence issue unpreserved where the State objected to testimony, the trial court sustained the objection and asked the jurors to disregard the testimony, and the appellant made no objections or arguments regarding the trial court's instruction to the jury to disregard the testimony); *State v. Stokes*, 339 S.C. 154, 163, 528 S.E.2d 430, 434 (Ct. App. 2000) (holding an issue regarding exclusion of evidence was unpreserved, stating "the record reflects that this issue was only raised and ruled on *in limine*. Stokes never raised the issue again at any time during the trial. Merely raising an argument *in limine* does not preserve the issue for appellate review"); *State v. Simmons*, 360 S.C. 33, 45-46, 599 S.E.2d 448, 454 (2004) (finding an issue unpreserved where the State objected to a witness's testimony, the objection was sustained, and the defendant failed to raise his argument regarding the trial court's exclusion of the testimony or proffer what that witness's testimony would have been had the witness been allowed to continue testifying).

2.     As to whether the trial court erred in failing to grant a directed verdict: *State v. Phillips*, Op. No. 27607 (S.C. Sup. Ct. refiled Apr. 20, 2016) (Shearouse Adv. Sh. No. 16 at 20, 24) ("In reviewing a motion for directed verdict, the trial court is concerned with the existence of evidence, not with its weight."); *id.* at 25 ("When the evidence presented merely raises a suspicion of the accused's guilt, the trial

court should not refuse to grant the directed verdict motion."); *id.* ("However, the trial court must submit the case to the jury if there is 'any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.'" (quoting *State v. Mitchell*, 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000))); *id.* at 46 (stating that when ruling on a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the State); *State v. Larmand*, 415 S.C. 23, 32, 780 S.E.2d 892, 896 (2015), *reh'g granted*, (Dec. 23, 2015), *reh'g denied*, (Feb. 11, 2016) ("[O]ur duty is not to weigh the plausibility of the parties' competing explanations. Rather, we must assess whether, in the light most favorable to the State, there was substantial circumstantial evidence from which the jury could infer [the defendant]'s guilt."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("Therefore, although the *jury* must consider alternative hypotheses, the *court* must concern itself solely with the existence or non-existence of evidence from which a jury could reasonably infer guilt. This objective test is founded upon reasonableness. Accordingly, in ruling on a directed verdict motion where the State relies on circumstantial evidence, the court must determine whether the evidence presented is sufficient to allow a reasonable juror to find the defendant guilty beyond a reasonable doubt."); *State v. Pearson*, Op. No. 27612 (S.C. Sup. Ct. filed Mar. 23, 2016) (Shearouse Adv. Sh. No. 12 at 13, 23) (reversing this court's reversal of the denial of a directed motion, finding this court "weighed the evidence and erroneously required the State, at the directed verdict stage, to present evidence sufficient to exclude *every* other hypothesis of [the defendant]'s guilt").

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**