**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Keunte D. Cobbs, Appellant.

Appellate Case No. 2020-000095

―――――――――――

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2023-UP-130
Submitted January 1, 2023 – Filed March 29, 2023
Withdrawn, Substituted and Refiled May 24, 2023

―――――――――――

**AFFIRMED**

―――――――――――

Clarence Rauch Wise, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Following a retrial on a murder charge after a mistrial on the charge was declared during an earlier proceeding, Keunte Cobbs was convicted of the lesser-included offense of voluntary manslaughter and sentenced to thirty years' imprisonment. Cobbs appeals his conviction and sentence, arguing the trial court

erred in denying his directed verdict motion and in refusing to dismiss the case based on an alleged violation of his right to a speedy trial. We affirm pursuant to Rule 220(b), SCACR.

1. As to whether the trial court should have directed a verdict on the murder charge, we reject the State's argument that Cobbs failed to preserve this issue for appeal because Cobbs specifically argued the evidence against him was "almost entirely circumstantial" and did not "rise[] to the necessary level," and the trial court responded its only responsibility was to ascertain whether there was evidence from which the jury could find him guilty. *See State v. Jennings*, 394 S.C. 473, 481, 716 S.E.2d 91, 95 (2011) ("For an issue to be properly preserved it has to be raised to and ruled on by the trial court."). We also agree with Cobbs that the trial court applied an improper standard when it ruled its only responsibility in deciding Cobbs's directed verdict motion was to ascertain whether there was evidence to support a guilty verdict. *See State v. Bostick*, 392 S.C. 134, 139, 708 S.E.2d 774, 776 (2011) ("A case should be submitted to the jury when the evidence is circumstantial 'if there is any substantial evidence which reasonably tends to prove the guilt of the accused or from which his guilt may be fairly and logically deduced.'" (quoting *State v. Mitchell*, 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000))).

Nevertheless, in view of testimony establishing Cobbs exclaimed shortly before his fatal encounter with the victim that he intended to kill someone and neither the victim nor his companion drew a weapon at the time of the shooting, we hold there was substantial circumstantial evidence to support findings that (1) Cobbs acted with express malice; (2) Cobbs was not in imminent danger of losing his life or sustaining serious bodily injury; and (3) assuming Cobbs actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, a reasonable person of ordinary firmness and courage in the same situation would not have entertained the same belief. Therefore, viewing the evidence in the light most favorable to the State, we hold the trial court properly denied Cobbs's directed verdict motion. *See id.* at 139, 708 S.E.2d at 777 ("On appeal of the denial of a directed verdict of acquittal, [the appellate court] must look at the evidence in the light most favorable to the State."); *State v. Wilds*, 355 S.C. 269, 276, 584 S.E.2d 138, 142 (Ct. App. 2003) ("Express malice is when there is a deliberate intention to unlawfully take the life of another."); *State v. Bixby*, 388 S.C. 528,

554, 698 S.E.2d 572, 586 (2010) ("It is an axiomatic principle of law that [self-]defense has not been established if any one element is disproven.").[1]

2. We hold the trial court acted within its discretion in refusing to dismiss the case based on an alleged violation of Cobbs's right to a speedy trial. *See State v. Hunsberger*, 418 S.C. 335, 342, 794 S.E.2d 368, 371 (2016) ("The trial court's ruling on a motion for speedy trial is reviewed under an abuse of discretion standard."); *id.* at 343, 794 S.E.2d at 372 (requiring a court to consider, among the totality of the circumstances, the length of the delay of the trial, the reason for the delay, the accused's assertion of the right to a speedy trial, and prejudice to the accused from the delay when deciding whether the right to a speedy trial has been unfairly denied). Although the State conceded the delays in bringing Cobbs's case to trial were long enough to warrant consideration of the relevant speedy trial factors by the trial court, its reasons for not trying the case sooner—the loss of the investigator and the prosecuting attorney assigned to the case, trial preparation needs, the crowded condition of the docket, and a directive from the court to try other cases first—do not indicate prosecutorial neglect or willfulness. *See State v. Chapman*, 289 S.C. 42, 45, 344 S.E.2d 611, 613 (1986) ("The constitutional guarantee of a speedy trial affords protection only against unnecessary or unreasonable delay."). Second, we find it significant that although Cobbs asserted his right to speedy trial before his case first went trial, he did not reassert this right until the onset of his second trial. *See Barker v. Wingo*, 407 U.S. 514, 531-32 (1972) ("The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the right is being deprived."); *id.* at 532 (emphasizing the failure to assert a speedy trial right will make it difficult for a defendant to prove that he was unfairly denied a speedy trial). Furthermore, we reject Cobbs's argument that he suffered prejudice from the alleged delays because (1) he made only a conclusory reference to presumptive prejudice and conceded the loss of certain evidence, and (2) the personal adversities he claimed to have

---

[1] To the extent Cobbs now challenges the trial court's instruction on voluntary manslaughter, such is not preserved for our review. When Cobbs moved for a directed verdict at trial, he argued only that the State "failed to present evidence to convict [him] on the basis of the case" and never referenced the lesser included offense of voluntary manslaughter. Furthermore, after the trial court issued its jury charge, which included an instruction that Cobbs could be found guilty of voluntary manslaughter instead of murder, it invited both Cobbs and the State to express concerns about the charge, and Cobbs made no objection. *See Jennings*, 394 S.C. at 481, 716 S.E.2d at 95 ("For an issue to be properly preserved it has to be raised to and ruled on by the trial court.").

suffered from the delay in his trial occurred either before his arrest or shortly thereafter; thus, none of these claims of prejudice resulted from his prolonged incarceration or the State's failure to schedule his trial sooner than when it took place. *See Hunsberger*, 418 S.C. at 351, 794 S.E.2d at 376 (allowing an accused to "assert actual prejudice or presumptive prejudice as the result of the State's violation of his right to a speedy trial"); *id.* ("Actual prejudice occurs when the trial delay has weakened the accused's ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence.").

**AFFIRMED.**[2]

**GEATHERS and MCDONALD, JJ., and HILL, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.