20661

NORTH GREENVILLE COLLEGE, formerly North Greenville Junior College, Appellant, v. SHERMAN CONSTRUCTION CO., INC. and the Aetna Casualty and Surety Company, Respondents.

(243 S. E. (2d) 441)

*James C. Parham, Jr.* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellant.*

*W. H. Arnold* of *Love, Thornton, Arnold & Thomason,* Greenville, *for respondent Sherman Construction Co., Inc.*

*Andrew B. Marion* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent The Aetna Cas. and Sur. Co.*

April 11, 1978.

NESS, Justice:

Appellant North Greenville College brought suit against Sherman Construction Company, Inc. for breach of a construction contract. This appeal is from a jury verdict in favor of respondent Sherman on its counterclaim. We reverse.

Appellant contracted with Sherman to construct a library building at the College. Respondent was dismissed due to alleged improper construction, and the College retained $86,899.00 of the total contract price of $679,960.50. Appellant claimed the cost of the corrective work performed by Ralph Lee Construction Corporation and the diminution in value of the library resulted in damages to the College of $100,000.00 over the retainage.

By way of counterclaim, Sherman alleged it was entitled to the $86,899.00 retained by appellant, plus interest. The jury returned a verdict for Sherman for half that amount.

Appellant asserts the trial court erred, *inter alia,* in excluding evidence of previous arbitration proceedings by the College against the architect, Piedmont Engineers. We agree.

Prior to suit, appellant sought arbitration to determine whether Piedmont had violated its contract with the College in, among other things, failing to properly inspect and supervise the construction. Despite numerous alleged construc-

tion defects, Piedmont issued certificates for payment of the full contract price to Sherman less a retainage of only $5,000.00 by the College. The award of arbitrators granted damages to the appellant. We believe the College was entitled to introduce evidence of its dispute with Piedmont.

Sherman grounded its defense largely on the fact that the College's own architects approved the construction. The "Certificate of Completion" issued by Piedmont was alleged in respondent's pleadings and referred to repeatedly at trial. Additionally, three men from Piedmont testified as experts in Sherman's behalf.

In order to impeach these witnesses, it was critical for the College to question them regarding any possible bias. We conclude the trial court erred in refusing to permit counsel to cross-examine the Piedmont witnesses on the prior arbitration or to introduce documentary evidence of the proceedings.

Considerable latitude is generally allowed in the cross-examination of an adverse witness for possible bias. *Martin v. Dunlap,* 266 S. C. 230, 222 S. E. (2d) 8 (1976); *State v. Collins,* 235 S. C. 65, 110 S. E. (2d) 270 (1959); *State v. Thompson,* 118 S. C. 191, 110 S. E. 133 (1921). As noted by McCormick:

"The law recognizes the slanting effect upon human testimony of the emotions or feelings of the witness toward the parties or the self-interest of the witness in the outcome of the case. Partiality, or any acts, relationships or motives reasonably likely to produce it, may be proved to impeach credibility." McCormick on Evidence, § 40, p. 78 (1972).

Evidence of past or pending litigation between the witness and the party against whom the witness is testifying is thus commonly admissible to demonstrate bias. 81 Am. Jur. (2d), Witnesses, § 561, p. 565; IIIA Wigmore, Evidence (Chadbourn Rev. 1970) § 949, p. 788. As we stated in the recent case of *In The Matter of*

*Edna Smith,* 268 S. C. 259, 264-65, 233 S. E. (2d) 301 (1977):

" 'Respondent properly takes the position that evidence is particularly suspect when it is procured by a party who is acting adversely to the respondent in other litigation.' "

While we recognize the broad discretion of a trial judge in the cross-examination of witnesses and the admission of evidence, that discretion is not unbridled. An abuse of discretion amounting to an error of law warrants this Court's intervention. *Kirven v. Kirven,* 162 S. C. 162, 160 S. E. 432 (1931).; *Wright v. Public Savings Life Ins. Co.,* 262 S. C. 285, 204 S. E. (2d) 57 (1974).

We reverse and remand for a new trial, concluding it was error to exclude evidence vital to the College's attempts to discredit the Piedmont witnesses.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.