21977

The STATE, Respondent, v. Randy McFARLANE, Appellant.
(306 S. E. (2d) 611)

*S. C. Com'n of Appellate Defense*, Columbia, and *Keith A. Gatlin*, of *Hayes, Brunson & Gatlin*, Rock Hill, *for appellant.*

*Atty. Gen., T. Travis Medlock, Retired Atty. Gen., Daniel R. McLeod* and *Asst. Atty. Gen., Harold M. Coombs, Jr.*, Columbia, and *Sol. William L. Ferguson*, York, *for respondent.*

Aug. 16, 1983.

GREGORY, Justice:

Appellant Randy McFarlane was convicted of committing a lewd act upon a child under fourteen years of age, a violation of S. C. Code Ann. § 16-15-140 (1976), and sentenced to six years' imprisonment. We affirm.

On the morning of August 5, 1981, appellant was giving group swimming lessons at the P.T.L. Day Camp in York County. He offered individual lessons to a ten year old girl

who was visiting the camp with her cousin. Allegedly, while supporting the ten year old girl with one hand under her stomach, appellant put his other hand inside the girl's bikini bottoms and fondled her private parts. The victim testified she tried to swim away but appellant pulled her back.

The victim did not tell anyone what happened to her until late afternoon of that day. She went to her cousin's home around 5:00 p.m. Upon arriving there, she related the incident to her cousin and soon after, to her aunt. When the victim's mother arrived to take her home, she related the incident to her mother.

Appellant was indicted for wilfully and lewdly committing a lewd and lascivious act upon a child under the age of fourteen years, found guilty by a jury, and sentenced to six years' imprisonment. He appeals, asserting five errors.

■ First, appellant argues the trial judge erred in refusing to subpoena an out-of-state witness. We disagree.

Section 19-9-70 of the Code clearly indicates it is within the trial judge's discretion whether to request the attendance of an out-of-state witness.

Appellant requested the trial judge to subpoena Dr. Frank Harrison to testify in this case on the basis that he was a material witness. Appellant contended Dr. Harrison's testimony would be that the victim suffered no physical injury such as bruises, tears, or abrasions, and such testimony would contradict the victim's testimony that appellant tried to "pull me apart." The State presented no testimony which would conflict with the testimony Dr. Harrison would offer. The victim did not testify that appellant physically injured her, and the State never contended she was physically injured. The indictment merely alleged appellant fondled the victim's private parts. The trial judge ruled the witness was not material and denied appellant's motion. We hold the trial judge did not abuse his discretion in refusing to subpoena Dr. Harrison.

■ Next, appellant argues the trial judge erred in refusing to allow the admission into evidence of Dr. Harrison's medical record of the victim. Again, we disagree.

Section 19-5-510 of the Code (Cum. Supp. 1981) provides in pertinent part:

A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other

qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

Appellant contends a detective of the York County Sheriff's Department was qualified to authenticate the medical report merely because his office requested the report from Dr. Harrison and received the original in the mail. Clearly, this would not qualify the detective to testify to the identity and mode of preparation of the report or whether it was made in the regular course of business at or near the time of the accident. We hold the trial judge did not abuse his discretion in refusing to allow the admission into evidence of the medical report.

Third, appellant argues the trial judge erred in allowing the victim's mother and aunt to testify as to what the victim had related to them about the incident. Appellant asserts such testimony is inadmissible hearsay.

Immediately prior to the testimony of the victim's mother and aunt the victim's cousin testified *without objection* as to what the victim related to her about the incident. It is well settled that the admission of improper evidence is harmless where it is merely cumulative to other evidence. *See* cases collected in 4 West's South Carolina Digest, *Appeal and Error*, Key No. 1050(1). Thus, even if the evidence were inadmissible, admission thereof was harmless because it was cumulative to the testimony of the victim's cousin.

Next, appellant argues the trial judge erred in not allowing him to question the victim's mother about a contemplated lawsuit.

"Evidence of past or pending litigation between the witness and the party against whom the witness is testifying is thus commonly admissible to demonstrate bias." *North Greenville College v. Sherman Construction Co., Inc.*, 270 S. C. 553, 243 S. E. (2d) 441, 442 (1978). Appellant asserts evidence of contemplated litigation should also be admissible to demonstrate bias.

Considerable latitude is allowed in the cross examination of an adverse witness to show bias. *Id.* Testimony that the witness is contemplating a lawsuit may indicate the witness is biased, and may be relevant and admissi-

ble. Annot., 98 A.L.R. (2d) 1060 (1980). Upon cross examination, the victim's mother testified her personal attorney was present at the trial. Counsel for appellant then asked whether she was contemplating a lawsuit. The solicitor objected on the ground of relevancy and the trial judge sustained the objection. Evidence of contemplated litigation is relevant and admissible to demonstrate bias. Here, however, the record fails to reflect whether or not litigation was contemplated. After the trial judge's ruling, appellant should have asked the trial judge to excuse the jury so appellant could make an offer of proof. *See State v. Atchison,* 268 S. C. 588, 235 S. E. (2d) 294 (1977). Considering the overwhelming evidence of guilt and the failure to make an offer of proof, we find the trial judge's ruling, if error, harmless and not prejudicial.

Lastly, the trial judge ruled appellant's prior guilty pleas to second degree rape and manslaughter were admissible to impeach appellant's credibility. Appellant argues the trial judge erred in so ruling and impermissibly chilled his right to testify in his own behalf.

Appellant pled guilty in South Dakota in 1973 to second degree rape, the equivalent to an offense known in this state as criminal sexual conduct with a minor, and to manslaughter. He was originally sentenced to fifteen years for second degree rape and twenty-five years for manslaughter. The manslaughter sentence was later commuted to 15 years. Appellant was then paroled in 1979 and under supervision of the North Carolina authorities at the time of this offense.

"A witness may not be impeached by evidence of specific acts of misconduct, except for crimes involving moral turpitude and not too remote. (citations omitted)." *State v. Harvey,* 275 S. C. 225, 268 S. E. (2d) 587 (1980). Moral turpitude is defined as "an act of baseness, vileness, or depravity in the private or social duties which a man owes to his fellow man or society in general, contrary to the accepted and customary right and duty between man and man." *State v. LaBarge,* 275 S. C. 168, 268 S. E. (2d) 278, 280 (1980). All crimes involve a degree of social irresponsibility, but all do not involve moral turpitude. *Id.*

We emphasize the credibility of the witness is what is to be accomplished by admission of prior acts of misconduct; an accused must not be convicted on evidence of prior convictions.

Second degree rape is defined in South Dakota as "an act of sexual penetration accomplished with any person other than the actor's spouse ... (4) where the victim is less than fifteen years of age ...." S. D. Codified Laws Ann. § 22-22-1 (1979). The types of offenses brought within the scope of second degree rape may range from the arguably inoffensive to the reprehensible. Where in this range appellant's offense falls was not before the trial judge. However, we are of the opinion criminal sexual conduct with a minor in any degree is a crime of moral turpitude. Thus, we find the trial judge did not err in ruling appellant's guilty plea to second degree rape was admissible for impeachment purposes.

The State concedes the trial judge erred in ruling the prior offense of manslaughter was admissible for impeachment purposes. *Taylor v. State*, 258 S. C. 369, 188 S. E. (2d) 850 (1972); however, the State asserts appellant suffered no prejudice from the trial judge's ruling. We agree.

Clearly, the impact of calling the jury's attention to the fact that appellant pled guilty to manslaughter (with a vehicle) would be of no significance in light of the fact that he also pled guilty to second degree rape. We, therefore, find the trial judge's ruling that appellant's guilty plea to manslaughter was admissible for impeachment purposes was harmless error.

Accordingly, we affirm.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.