22762

The STATE, Respondent v. Tracy Ben RICH, Appellant.

(359 S. E. (2d) 281)

Supreme Court

*Elizabeth C. Fullwood, Deputy Chief Atty. of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen., Harold M. Coombs, Jr.* and *William Edgar Salter, III, Ast. Attys. Gen.,* Columbia, and *Randolph Murdaugh, Jr., Solicitor,* Hampton, *for respondent.*

Heard June 9, 1987.

Decided Aug. 3, 1987.

HARWELL, Justice:

After a jury trial, appellant was convicted of second degree burglary, grand larceny, and failure to stop for a blue light in connection with a break-in at a Walterboro pharmacy. The judge sentenced appellant to fifteen years, ten years, and five years, respectively, the sentences to run consecutively.

Appellant contends that the inked impressions of a set of fingerprints were erroneously admitted into evidence because the proper foundation was never laid. We agree. At trial, Agent Parnell of the State Law Enforcement Division was qualified as an expert in the area of fingerprint comparisons. He explained to the jury that a latent fingerprint is one which is found on an item of evidence or at the crime scene and an inked impression is a fingerprint which is on an inked card bearing a name and signature. The latent prints, which Agent Parnell had taken himself, were properly admitted into evidence. Appellant's objections were directed to the inked impressions that the agent compared to the latent prints.

Without doubt, properly authenticated fingerprints are admissible against a criminal defendant. Admission of police fingerprint records is generally considered not to violate the prohibition against hearsay, either under the public records exception, *see* S. C. Code Ann. § 30-1-10 (Supp. 1986), or the business records exception, *see* S. C. Code Ann. § 19-5-510 (1976). This exception to the hearsay rule does not, however, absolve the offering party from the usual requirements of authentication. *State v. McFarlane*, 279 S. C. 327, 306 S. E. (2d) 611 (1983).

In *State v. Foster*, 284 N. C. 259, 200 S. E. (2d) 782 (1973), a police officer testified that he identified a latent fingerprint with one alleged to be the defendant's which was on a fingerprint card in the master file of the police department. As in the present case, the state neither attempted to lay a foundation that the fingerprints on the master file card were in fact those of the defendant, nor sought to introduce the master file card. The North Carolina Supreme Court

held that, "[t]he fingerprint card from the master file was not introduced into evidence. Even so, introduced or not, the testimony concerning it, without evidence as to when and by whom the card was made and that the prints on the card were in fact those of this defendant, violated the hearsay rule and should have been excluded." *Foster*, 284 N. C. at 273, 200 S. E. (2d) at 793.

The error cannot be considered harmless in this case. The only evidence other than the fingerprint comparisons which connected appellant to the crimes charged was the identification testimony of a police officer who got a brief look at the persons inside the getaway car during a high speed chase. This same officer, along with two additional officers who were involved in the chase, identified appellant's codefendant as the passenger in the getaway car. While the jury convicted appellant, the codefendant was acquitted. Clearly the fingerprint evidence was crucial to the state's case.

The witness should not have been allowed to testify about data contained in an unauthenticated document.

Reversed and remanded.

NESS, C. J., GREGORY and FINNEY, JJ., and BRUCE LITTLE-JOHN, Acting Associate Justice, concur.