503 S.E.2d 160

**In the Matter of Jeffrey Kim ROBERTS, Respondent.**

**No. 24797.**

Supreme Court of South Carolina.

Submitted April 30, 1998.
Decided June 1, 1998.

326

James C. Anders, Columbia, for respondent.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be disbarred from the practice of law. We accept the agreement.

In July 1997, respondent, while employed as a deputy solicitor for the Sixth Judicial Circuit, requested or agreed to accept sexual favors from a female defendant in exchange for dismissing a charge of driving under the influence. Respondent was indicted by the State Grand Jury for acceptance of a bribe in violation of S.C.Code Ann. § 16–9–220 (1985) in August 1997. Thereafter, respondent was placed on interim suspension. *In the Matter of Roberts,* 327 S.C. 261, 489 S.E.2d 480 (1997). The State Grand Jury later indicted respondent for three counts of criminal sexual conduct in the third degree, in violation of S.C.Code Ann. § 16–3–654 (1985). Respondent subsequently pled guilty to one count of accep-

tance of a bribe and one count of criminal sexual conduct in the third degree and was sentenced.

These crimes are serious crimes as defined by Rule 2(z), RLDE, since the circumstances of their commission adversely reflect on respondent's honesty, trustworthiness, and fitness as a lawyer. Additionally, acceptance of a bribe for the dismissal of criminal charges is a crime of moral turpitude. *See In the Matter of Davis*, 270 S.C. 262, 241 S.E.2d 895 (1978) (Court held that magistrate who entered pleas to several charges including acceptance of a bribe committed crimes of moral turpitude). Furthermore, we now hold that the commission of criminal sexual conduct in any degree is a crime of moral turpitude. *Cf. State v. McFarlane*, 279 S.C. 327, 306 S.E.2d 611 (1983) (criminal sexual conduct with a minor in any degree is a crime of moral turpitude); *State v. Jones*, 271 S.C. 287, 247 S.E.2d 43 (1978) (assault with intent to rape is a crime of moral turpitude). By being convicted of these serious crimes that are also crimes of moral turpitude, respondent has committed misconduct under Rule 7(a)(4), RLDE. Finally, respondent has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.4(d) of the Rules of Professional Conduct, Rule 407, SCACR.

Accordingly, we disbar respondent from the practice of law. Respondent's request to make this disbarment retroactive to the date of his interim suspension is denied. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE.

DISBARRED.