562 S.E.2d 313

**The STATE, Respondent,**

v.

**Daniel Alexander WALKER, Petitioner.**

**No. 25442.**

Supreme Court of South Carolina.

Heard March 6, 2002.
Decided April 8, 2002.

50

Melvin L. Roberts, of Roberts & D'Agostino, of York, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General Melody J. Brown, all of Columbia, and Solicitor Thomas E. Pope, of York, for respondent.

Justice PLEICONES.

We granted certiorari to consider the Court of Appeals' opinion affirming Petitioner's conviction for cultivating marijuana on the land of another. *State v. Walker*, Op. No.2000–UP–608 (S.C. Ct.App. filed October 10, 2000). We find Petitioner was entitled to a directed verdict and reverse.

## FACTS

In September 1997, Dr. George Stretcher ("Stretcher") discovered a number of marijuana plants growing on his property and alerted the authorities. Police searched the area and found five marijuana fields, three on Stretcher's property and two on adjacent property owned by Mary Taylor. William Bennett ("Bennett"), an investigator with the South Carolina Forestry Commission, installed a video surveillance camera aimed at one of the fields. Bennett also visually inspected all five fields. He found evidence that the plants in all the fields except one had been fertilized. Soil had been piled up around the bases of the plants, and a number of plants had been thinned out; Bennett found culled marijuana plants discarded at the edge of the fields. Additionally, Bennett noticed that tree limbs and other vegetation had been cleared out around the fields allowing more light to penetrate.

About a month after Stretcher's discovery, Charles Yates ("Yates") was deer hunting in the area when Petitioner approached him in the woods. Petitioner was carrying a black plastic bag. The bag appeared to Yates to be quite heavy. Petitioner said he was lost and asked Yates for directions to the dirt road that traversed the property. Yates gave Petitioner directions. When Yates asked Petitioner to reveal the contents of the black bag, Petitioner ran into the woods.

Suspicious of Petitioner's activity, Yates called the police and reported the incident. Police responded to the scene and Yates helped them search for Petitioner. The police eventual-

ly discontinued the search and left the area. Later, as Yates was driving home, he saw Petitioner standing in the dirt road. Petitioner motioned for Yates to stop, and Yates complied. Yates agreed to give Petitioner a ride. Later that evening, Yates again contacted the police.

Very early the next day Bennett checked the surveillance equipment he had previously installed, and viewed the video tape. The tape depicted a man resembling Petitioner, carrying a black bag, harvesting marijuana. The time code on the tape indicated this activity occurred less than an hour before Yates reported seeing Petitioner in the woods.

Later that morning, police officers returned to the area, and encountered Petitioner on the dirt road. They placed him under arrest.

Petitioner was indicted and tried for trafficking marijuana, manufacturing marijuana, and two counts of cultivating marijuana on the land of another.[1] Following presentation of the State's evidence Petitioner moved for a directed verdict on all charges. The trial court denied the motion. The jury found Petitioner guilty on three counts, acquitting him on the count charging cultivation of marijuana on the Taylor property. Petitioner appealed.

■ The Court of Appeals reversed the trafficking conviction and affirmed the two remaining convictions. We granted certiorari to consider the conviction for cultivating marijuana on the land of another.[2]

---

[1]. One count of cultivating was based on the marijuana plants found on Stretcher's property, the other count on the marijuana plants found on the Taylor property.

[2]. Evidence sufficient to sustain a conviction for manufacturing marijuana may not always be sufficient to sustain a conviction for cultivating marijuana on the lands of another, even where there is no dispute the property belonged to someone other than the defendant. The manufacturing statute, S.C.Code Ann. § 44–53–370(a)(1) (2002), when read in conjunction with the definitional statute, S.C.Code Ann. § 44–53–110 (2002), and *State v. Austin*, 276 S.C. 441, 442, 279 S.E.2d 374, 375 (1981), equates the act of "harvesting" with the offense of "manufacturing." The code, however, does not equate "harvesting" with "cultivating."

## ISSUE

Did the Court of Appeals err in determining Petitioner was not entitled to a directed verdict on the charge of cultivating marijuana on the land of another?

## ANALYSIS

A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged. *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001). In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight. *State v. Mitchell*, 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000). On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State. *State v. Burdette*, 335 S.C. 34, 46, 515 S.E.2d 525, 531 (1999). "When a motion for a directed verdict is made in a criminal case where the State relies exclusively on circumstantial evidence, the trial judge is required to submit the case to the jury if there is any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced." *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001).

South Carolina Code Ann. § 16–11–617 (Supp.2001) provides that

It is unlawful for a person to enter on the land of another for the purpose of cultivating or attempting to cultivate marijuana. The provisions of this section are cumulative to other provisions of law. To constitute a violation of this section, a minimum of twenty-five marijuana plants must be cultivated....

The code does not define "cultivating" or "cultivate." Since it is a criminal statute, we must construe § 16–11–617 strictly against the State and in favor of the defendant. *Stardancer Casino, Inc. v. Stewart*, 347 S.C. 377, 556 S.E.2d 357 (2001).

Webster defines "cultivate" as

1. to prepare and use (soil or land) for growing crops; till 2. to break up the surface soil (around plants) in order to destroy weeds, prevent crusting, and preserve moisture 3.

to grow (plants, crops, fish, etc.) from seeds, bulbs, shoots, etc. 4. to improve or develop (plants) by various horticultural techniques 5. to improve by care, training, or study; refine ... 6. to promote the development or growth of; acquire and develop ... 7. to seek to develop familiarity with; give one's attention to; pursue

Webster's New World College Dictionary 352 (4th ed.1999).

■ We do not agree with the Court of Appeals that the videotape depicts "a person cultivating the plants." The videotape shows a man matching Petitioner's description in a field of marijuana, picking, or harvesting, the plants. The man in the video is not tilling or breaking up the soil; he is not planting seeds, or transplanting young marijuana plants; he is not applying fertilizer, or otherwise preparing or improving the soil. Nothing in the video depicts the *cultivation* of marijuana as that word is commonly defined. Bennett's testimony that the fields were cultivated does not establish Petitioner cultivated them. Yates' description of his encounter with Petitioner, while it does suggest that Petitioner is the man shown in the video harvesting marijuana, is not evidence that Petitioner cultivated the crop. In fact, apart from his presence in the area, there is no evidence connecting Petitioner with the cultivation of the marijuana. *See State v. Johnson*, 291 S.C. 127, 352 S.E.2d 480 (1987) (where evidence merely places defendant at scene of crime, but fails to show defendant committed the crime charged, defendant is entitled to directed verdict).

Construing the evidence in the light most favorable to the State, we find it merely raises a suspicion of Petitioner's guilt. *See State v. Mitchell*, 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000) (lower court should grant motion for directed verdict where evidence merely raises the suspicion accused is guilty). We therefore REVERSE the decision of the Court of Appeals.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.