THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
City of Greenwood,       
Respondent,
 
 
 

v.

 
 
 
Phillip W. Whiteside,       
Appellant.
 
 
 

Appeal From Greenwood County
Wyatt T. Saunders, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-545
Submitted October 1, 2004  Filed October 
 27, 2004

AFFIRMED

 
 
 
Charles M. Watson, Jr., of Greenwood, for Appellant.  
Solicitor William Townes Jones, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Philip W. Whiteside appeals 
 the circuit courts order upholding his conviction for violating a city noise 
 ordinance.  We affirm. [1] 
FACTS
Whiteside served as president of his social 
 fraternity and lived in a house along with four of his fraternity brothers in 
 the City of Greenwood, South Carolina.  On the evening of February 12, 2003, 
 the brothers hosted a fraternity-sponsored house party and played music for 
 their guests on a stereo.  The stereo belonged to one of the four brothers who 
 shared the house with Whiteside, who was present at the party.  Police officers 
 testified they could hear music and loud voices coming from the house approximately 
 one and a half lots away.  
After determining the music was too loud, two police 
 officers went to the house and asked some party guests to speak with the person 
 in charge.  They summoned Whiteside, who came onto the porch and spoke with 
 the officers.  When asked by the officers, Whiteside affirmed he was in charge 
 of the house.  He was then issued a citation for violation of the city noise 
 ordinance.  
The municipal court denied Whitesides motion for 
 directed verdict and found him guilty of violating section 18-62 of the city 
 noise ordinance after determining there was direct and circumstantial evidence 
 that indicated that [Whiteside] was in charge of the property in which the music 
 was being emitted.  The court advised [Whiteside] that not only was the charge 
 proper against him, but could also be brought against the other three persons 
 who reside at this location and were present on this evening when this charge 
 was made.  
Whiteside appealed to the circuit court, arguing the 
 judge erred in declining to grant a directed verdict because there was no evidence 
 he either maintained or operated the stereo and therefore the ordinance was 
 inapplicable to him as a matter of law.  The circuit court disagreed and upheld 
 the conviction, finding Whiteside was sufficiently in charge of the premises 
 at issue to be deemed criminally responsible for the violation of City Ordinance 
 18-62, even though there was no specific evidence admitted that [Whiteside] 
 personally operated the radio, or that the radio was his personal property.  
 The court determined that as fraternity president, Whiteside was in a position 
 of special responsibility over the premises and was responsible for the consequence 
 of unreasonable noise arising from the music being played.  
DISCUSSION
Whiteside contends the circuit court erred by affirming the 
 denial of his directed verdict motion arguing there was no evidence he owned 
 or operated the stereo.  He claims the circuit court improperly held him responsible, 
 as fraternity president, for the acts of his unidentified fraternity brother 
 and housemate who also attended the party and owned and operated the stereo.  
 We disagree.  
In criminal appeals from magistrate or municipal 
 court, the circuit court does not conduct a de novo review, but instead 
 reviews for preserved error raised to it by appropriate exception.  In reviewing 
 criminal cases, this court may review errors of law only.  State v. Henderson, 
 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) (internal citations omitted).  
 On appeal from the denial of a directed verdict, an appellate court shall view 
 the evidence in the light most favorable to the State.  State v. Walker, 
 349 S.C. 49, 53, 562 S.E.2d 313, 315 (2002).  This court will affirm the denial 
 of a directed verdict motion if there is any direct evidence or substantial 
 circumstantial evidence reasonably tending to prove the guilt of the accused.  
 State v. Harris, 351 S.C. 643, 653, 572 S.E.2d 267, 273 (2002).  
Section 18-62(a), Code of Ordinances for the City 
 of Greenwood, provides in relevant part,

It shall be unlawful for any person or persons to maintain 
 and operate . . . from any building, any public place or on any premises whatsoever 
 within the city, any radio or device of any kind which is designed to amplify, 
 or does in fact, amplify sound and/or music whereby the sound created therefrom 
 creates unreasonably loud excessive or disturbing noises[.]  

All parties acknowledge Whiteside neither 
 owned the stereo nor personally played the loud music heard by the officers.  
 However, as the person who accepted responsibility over the house, Whiteside 
 co-hosted a party where the stereo located in the house living room was used 
 to play music for the entertainment of his guests.  When the officers arrived 
 to investigate the source of the loud noise and asked to speak with the person 
 in charge, guests summoned Whiteside to meet them.  Finally, in his conversation 
 with the officers, Whiteside acknowledged he was in charge of the house.  
Viewing the evidence in the light most favorable to the 
 State, we conclude there was substantial circumstantial evidence that Whiteside 
 was responsible for the maintenance and operation of the stereo during the party.  
 As a result, his motion for directed verdict was properly denied.  State 
 v. Williams, 321 S.C. 327, 332-33, 468 S.E.2d 626, 629 (1996) (In ruling 
 on a motion for a directed verdict, the trial judge is concerned with the existence 
 of evidence, not with its weight.  When [an appellate court] reviews the denial 
 of a motion for a directed verdict, it views the evidence in the light most 
 favorable to the non-moving party, and if there is any direct or substantial 
 circumstantial evidence which reasonably tends to prove the guilt of the accused, 
 refusal by the trial judge to direct a verdict is not error.) (internal citations 
 omitted).  
AFFIRMED. 
STILWELL, BEATTY, and SHORT, JJ., concur.

 
 
 [1]         We decide this case without oral argument pursuant to Rule 
 215, SCACR.