THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Larontae
 Scroggins, Appellant.
 
 
 

Appeal From Lexington County
 R. Knox McMahon, Circuit Court Judge
Unpublished Opinion No. 2008-UP-428
Submitted June 2, 2008  Filed July 23,
 2008
AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Special Assistant Attorney General, Amie L. Clifford, all of Columbia; and
 Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM:  Larontae
 Scroggins appeals his convictions for armed robbery and possession of a firearm
 during the commission of a violent crime.  On appeal, Scroggins argues the trial
 court erred in allowing the State to introduce evidence from an out-of-court
 statement made by a non-testifying witness on redirect examination where the statement
 was prejudicial hearsay.  We affirm.[1]  
At trial, the State called Yuri McLamore, Detective Eric Russell,
 and Officer Donall Stoudemire to testify.  Renee Mullinax, the individual
 allegedly kidnapped by Scroggins, was not called as a witness at trial.  During
 cross-examination of Detective Russell, Scroggins counsel questioned Detective
 Russell about statements Mullinax made to police regarding events following the
 robbery, which were recorded in Detective Russells report of the case. 
 Specifically, Scroggins counsel asked Detective Russell about Mullinaxs
 statements whereby she admitted to having consensual sex with Scroggins
 following the alleged robbery.  Following this line of questioning, the State
 raised the issue of whether Scroggins counsel had, by questioning Detective
 Russell about Mullinaxs statement, opened the door to inquiry of other
 statements made by Mullinax to Detective Russell about the events of the
 robbery.  The trial court ruled that Scroggins counsel had opened the door. 
Accordingly, during the redirect examination of Detective Russell,
 the State inquired about statements Mullinax made about the robbery.  When
 asked specifically what Mullinax had to say about the robbery, Scroggins
 counsel objected arguing the line of questioning was based on hearsay.  The
 trial court overruled the objection and Detective Russell proceeded with his
 testimony. 
Scroggins asserts the trial court erred in allowing the State to
 introduce hearsay testimony of Mullinaxs statement to Detective Russell
 regarding the robbery.  Scroggins further asserts the statements were
 prejudicial because they confirmed McLamores testimony regarding the events
 surrounding the robbery, and, in particular, the presence of the gun.  We find
 the circuit court did not commit reversible error.  See State v. McFarlane, 279 S.C. 327, 330, 306 S.E.2d 611, 613 (1983) (It is well settled
 that the admission of improper evidence is harmless where it is merely
 cumulative to other evidence.); State v. Schumpert, 312 S.C. 502, 507,
 435 S.E.2d 859, 862 (1993) (any error in admission of evidence cumulative to
 other unobjected-to evidence is harmless).  
Even if the door had not
 been opened and the trial court erred in allowing the admission of the
 testimony at issue, we find the error to be harmless.  Since McLamore testified
 earlier in the trial that Scroggins had robbed him at gunpoint and took
 Mullinax at gunpoint against her will, the disputed testimony by Detective
 Russell is merely cumulative.  Moreover, Detective Russell testified, without
 objection, that Mullinaxs account of the events confirmed what McLamore had
 stated.  This testimony by Detective Russell was placed into evidence before
 the disputed testimony at issue herein.  Since McLamore testified first,
 followed by Detective Russells testimony without objection that Mullinax
 confirmed what McLamore stated, the subsequent admission by the court of other
 statements by Mullinax through Detective Russell was therefore harmless even if
 the admission was in error.  
AFFIRMED.
WILLIAMS, THOMAS,
 and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.