**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Antonio Emerson Tate, Appellant.

Appellate Case No. 2013-001562

———————

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-291
Heard May 2, 2016 – Filed June 15, 2016

———————

**AFFIRMED**

———————

Wendy Raina Johnson Keefer, of Keefer & Keefer, LLC, and Joshua Preston Stokes, of McCoy & Stokes, LLC, both of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Burleson Burchstead, both of Columbia, for Respondent.

———————

**PER CURIAM:** Antonio Emerson Tate appeals his conviction of conspiracy to traffic more than 400 grams of methamphetamine (meth), arguing the following:

(1) the trial court erred in denying his motion for a directed verdict because there was insufficient evidence of Tate's participation in a conspiracy; (2) the trial court violated the confrontation clause by prohibiting defense counsel from cross-examining co-defendants regarding their potential sentences under their original charges; (3) the trial court erred in permitting an expert to testify regarding the legal definition of conspiracy and the sufficiency of the evidence in this case; and (4) the trial court's exercise of extraterritorial jurisdiction was improper. We affirm pursuant to Rule 220(b), SCACR.

1.      We affirm the trial court's denial of Tate's motion for a directed verdict, finding Tate did not preserve the issue of insufficient proof of a conspiracy by the State in providing only isolated sales of meth rather than any intent to conspire with the purchasers because the issue was not raised in his directed verdict motion. Rather, Tate raised the failure of the witnesses to positively identify him and the lack of credibility of the witnesses. Accordingly, we find this issue is not preserved for appellate review. *See State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("A party cannot argue one ground for a directed verdict in trial and then an alternative ground on appeal."); *State v. Jordan*, 255 S.C. 86, 93, 177 S.E.2d 464, 468 (1970) (stating issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review).

2.      We find no reversible error by the trial court in prohibiting defense counsel from cross-examining co-defendants regarding their potential sentences under their original charges because of the numerous co-defendants that testified regarding their reduced sentences, the mandatory minimum sentences or the sentencing ranges of their original charges compared to their plea recommendations, and the substantially greater sentences they would have faced. Therefore, we find no prejudice to Tate, and any error was harmless. *See State v. Gracely*, 399 S.C. 363, 373-74, 731 S.E.2d 880, 885 (2012) (finding error where the trial court excluded evidence regarding the mandatory minimum sentences faced by testifying co-defendants); *id.* at 375, 731 S.E.2d at 886 (acknowledging "[a] violation of the Confrontation Clause is not per se reversible but is subject to a harmless error analysis"); *State v. Whatley*, 407 S.C. 460, 469, 756 S.E.2d 393, 397 (Ct. App. 2014) (finding no prejudice where the trial court excluded the defendant from questioning a witness concerning the sentences the witness faced for reduced charges because the limitation did not prevent a full picture of her possible bias).

3.      We find Tate's argument that the trial court erred in permitting an expert to testify regarding the legal definition of conspiracy and the sufficiency of the

evidence was without merit because any error was harmless in light of the admission of the same testimony by other witnesses, including the alleged expert, without objection. *See State v. McFarlane*, 279 S.C. 327, 330, 306 S.E.2d 611, 613 (1983) ("It is well settled that the admission of improper evidence is harmless where it is merely cumulative to other evidence."); *State v. Parvin*, 413 S.C. 497, 507, 777 S.E.2d 1, 6 (Ct. App. 2015) (finding the allegedly erroneous admission of the testimony of two witnesses "was rendered harmless in light of the other evidence that was later admitted at trial without objection").

4.      We find no merit to Tate's argument, raised for the first time in his Reply Brief, that the trial court's exercise of territorial jurisdiction was improper because the alleged criminal activity was committed in Georgia. *See State v. Dudley*, 364 S.C. 578, 582, 614 S.E.2d 623, 625-26 (2005) ("Although territorial jurisdiction is not a component of subject matter jurisdiction, we hold that it is a fundamental issue that may be raised by a party or by a court at any point in the proceeding."); *id.* at 582, 614 S.E.2d at 626 ("While a defendant need not be physically present in the State in order to commit a criminal offense here, the State's extraterritorial jurisdiction extends only to those who have performed acts 'intended to produce and producing detrimental effects within' our boundaries." (quoting *Strassheim v. Daily*, 221 U.S. 280, 285 (1911))). We find the State presented overwhelming evidence that Tate committed acts intended to produce and producing detrimental effects within South Carolina.

**AFFIRMED.**

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**