**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jiovaani Aranza Gallegos, Appellant.

Appellate Case No. 2021-000689

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-170
Submitted May 1, 2025 – Filed May 28, 2025

———————

**AFFIRMED**

———————

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Jiovaani Aranza Gallegos appeals his conviction and twenty-year sentence for being a habitual traffic offender with death resulting (HTODR).[1] We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err by denying Gallegos's motion for a directed verdict for HTODR. *See State v. Elders*, 386 S.C. 474, 480, 688 S.E.2d 857, 860 (Ct. App. 2010) ("When reviewing the denial of a motion for a directed verdict, an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); S.C. Code Ann. § 56-1-1105(B) (2018) ("A[] habitual offender who drives a motor vehicle on any public highway of this State when the offender's license to drive has been canceled, suspended, or revoked, *and when driving does any act forbidden by law or neglects any duty imposed by law in the driving of the motor vehicle*, which act or neglect proximately causes great bodily injury or death to a person other than himself, is guilty of a felony . . . ." (emphasis added)). The State presented substantial circumstantial evidence that Gallegos failed to maintain a safe distance from Victim, who was on a bicycle at the time of the collision. *See State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); S.C. Code Ann. § 56-5-3435 (2018) ("A driver of a motor vehicle must at all times maintain a safe operating distance between the motor vehicle and a bicycle.").

First, the State provided evidence that Gallegos's headlights were functional and switched on the same night as the collision because Gallegos's next-door neighbor reported seeing "headlights coming through" his window at 4:00 a.m. Second, the State presented evidence that Gallegos collided with Victim by showing the hole in Gallegos's windshield and recovery of Victim's hairs from the dashboard and entertainment console. Third, the State's expert witness opined that black streaks on Gallegos's right front side headlight along with the damage to the rear tire of Victim's bicycle indicated the front of Gallegos's van collided with the rear of Victim's bicycle. There was also evidence suggesting the collision occurred in the middle of the roadway. These things, especially when combined, suggest Gallegos did not maintain a safe distance from the Victim. *See State v. Walker*, 349 S.C. 49, 53, 562 S.E.2d 313, 315 (2002) ("In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight."); *State v. Burdette*, 335 S.C. 34, 46, 515 S.E.2d 525, 531 (1999) ("On appeal from

---

[1] Gallegos was also convicted of hit and run under section 56-5-1210(A)(3) of the South Carolina Code (2018). The hit and run charge is not at issue on appeal.

the denial of a directed verdict, [an appellate court] must view the evidence in a light most favorable to the State."); *State v. Pinckney*, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000) ("If the State presents any evidence which reasonably tends to prove the defendant's guilt, or from which the defendant's guilt could be fairly and logically deduced, the case must go to the jury.").

**AFFIRMED.**[2]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.