**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Narkevious Manquese Reid, Appellant.

Appellate Case No. 2022-001384

———————

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-233
Submitted June 2, 2025 – Filed July 16, 2025

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia, for Respondent.

———————

**PER CURIAM:** This is a direct appeal stemming from a shooting at an apartment complex in Greenwood. The appellant is Narkevious Reid. Reid and two codefendants, Dashawn Hurley and Xayvion Hill, were tried on multiple charges. The three defendants were convicted of attempted murder and criminal conspiracy

as to the two targets of this shooting. On appeal, Reid contends the trial court erred in denying his directed verdict motion on those charges. Because we find sufficient evidence to warrant sending the case to the jury, we affirm.

"A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged." *State v. Walker*, 349 S.C. 49, 53, 562 S.E.2d 313, 315 (2002). "In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight." *Id.* "If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the appellate court must find the case was properly submitted to the jury." *State v. Rosemond*, 356 S.C. 426, 429–30, 589 S.E.2d 757, 758 (2003). On appeal, this court "view[s] the evidence in the light most favorable to the State." *Walker*, 349 S.C. at 53, 562 S.E.2d at 315. "Unless there is a total failure of competent evidence as to the charges alleged, refusal by the trial judge to direct a verdict of acquittal is not error." *State v. Arnold*, 361 S.C. 386, 389, 605 S.E.2d 529, 531 (2004); *see also State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) ("[A] trial judge is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis.").

Reid concedes the State presented evidence that he and his alleged coconspirators were friends with each other and with Jakevius Parker. Parker was murdered by a friend of the two targets in this shooting. Reid also concedes there was evidence that he and codefendant Hurley were present at the apartment complex, that they drove one of their injured friends to the hospital after the shooting, and that Reid was shirtless at the hospital, like one of the men a witness identified at the shooting. Reid contends, however, that this evidence alone does not amount to "substantial circumstantial evidence" that would show Reid conspired with the others or committed attempted murder. We disagree.

The State presented evidence that a black Toyota Camry was driving "suspicious[ly]" around the apartment complexes immediately prior to the shooting. The State also presented evidence that there were multiple people in that car, and at least one of those people got out of the car immediately before the shooting and took the direct path from Gardens at Parkway (where the Camry appeared to be parked waiting) to Hillcrest (where the shooting occurred). The person seen exiting the vehicle moments before the gunfire was wearing a shirt at least similar to the shirt Reid's codefendant, Hill, was wearing. Another witness identified three men at the shooting, one of whom was shirtless and holding a gun.

The Camry was again identified near the scene at Gardens at Parkway when another witness saw a person (Reid's alleged coconspirator, Alston, who later died) hanging out of the vehicle as the car sped away. Hill was arriving at this same location as the Camry left. Within minutes, the Camry pulled up to the nearby hospital, Hurley was captured on video coming out of the driver's side, and Reid was seen shirtless assisting Alston into a wheelchair. Reid and Hurley immediately left the hospital without speaking to hospital staff or law enforcement.

Two guns were found at the scene: one was left where the Camry was parked at Gardens at Parkway, and the other was left much closer to the scene of the shooting. Alston and Hill both tested positive for gunshot residue, and it was deemed highly likely Alston's DNA was on the gun left in the parking lot where the Camry had been.

While the State's theory that this shooting was retaliation for the earlier murder of Parker could not be clearly spelled out due to the court's exclusion of evidence related to everyone's alleged gang affiliation, the State introduced evidence that Hurley, Reid, Hill, and Parker were friends, as well as evidence that the victims in this shooting were friends with Parker's murderer. The State elicited testimony about Parker's murder primarily through a detective.

The ultimate question is whether the evidence presented in this case rises to more than mere suspicion and would allow a reasonable juror to "fairly and logically deduce[]" Reid's guilt. *State v. Schrock*, 283 S.C. 129, 132, 322 S.E.2d 450, 452 (1984) ("The trial judge should grant a directed verdict motion when the evidence merely raises a suspicion that the accused is guilty. It is [the judge's] duty[, however,] to submit the case to the jury if there is any evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused, or from which guilt may be fairly and logically deduced."). Viewing the evidence in the light most favorable to the State, we answer that question "yes" and affirm the denial of the directed verdict motion.

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.