**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marquise D. Franklin, Appellant.

Appellate Case No. 2024-001277

Appeal From Williamsburg County
R. Ferrell Cothran, Jr., Circuit Court Judge

Unpublished Opinion No. 2026-UP-295
Submitted May 1, 2026 – Filed June 17, 2026

**AFFIRMED**

Appellant Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

**PER CURIAM:** Marquise D. Franklin appeals his convictions for murder and possession of a weapon during a violent crime. He argues the trial court erred in

(1) finding certain out-of-state jail calls were properly authenticated by witnesses saying they recognized his voice, (2) admitting testimony about the rate of speed Franklin's ankle monitor recorded him leaving the crime scene, and (3) not directing verdicts for him on both charges. We respectfully disagree with each of these arguments and affirm Franklin's convictions.

## AUTHENTICATION OF JAIL CALLS

Franklin contends the trial court erred in allowing the State to admit phone calls recorded at a jail in Ohio into evidence. He claims the calls were not properly authenticated. We disagree.

Rule 901(a) requires "authentication or identification as a condition precedent to admissibility." Rule 901(a), SCRE. Case law stresses that authentication is not a high bar. *Deep Keel, LLC v. Atl. Priv. Equity Grp., LLC*, 413 S.C. 58, 64, 773 S.E.2d 607, 610 (Ct. App. 2015). It does not require "the proponent of evidence conclusively demonstrate its genuineness." *Id.* at 65, 773 S.E.2d at 610 (citation modified). Instead, it requires only that the proponent present "evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 901(a), SCRE. In other words, if a reasonable person could find the evidence is what the proponent claims it is, the evidence is authenticated.

Rule 901(b)(5) provides for authentication by "voice identification." The rule allows a witness to give an opinion authenticating a voice if the witness has previously heard the voice and can connect it with the alleged speaker. Rule 901(b)(5), SCRE.

The State sought to show, and needed to authenticate, that Franklin was the person making the incriminating statements on the calls. The State used two witnesses familiar with Franklin's voice to identify him as the speaker. One was an investigator on the case. The other was a friend of Franklin's.

Franklin concedes the State "appear[ed] to meet [Rule] 901(b)(5)'s requirement of voice identification" but argues that the processes the Ohio jail employed to record and maintain the calls needed to also be authenticated, preferably by a records custodian from the Ohio jail. We respectfully disagree. *See Deep Keel*, 413 S.C. at 65–66, 773 S.E.2d at 611 (rejecting the argument that a witness did not have sufficient knowledge under Rule 901(b)(1) to authenticate documents because he did not know the intricacies of how the documents in question were prepared or maintained, and holding "[t]he authentication requirement does not demand this degree of proof"). The proffered testimonies of the investigator and friend described

sufficient experiences for both witnesses to identify and authenticate Franklin's voice on the calls. Therefore, we agree with the trial court that the calls were properly authenticated.

## SPEED RECORDED BY THE ANKLE MONITOR

Franklin next argues the trial court erred in allowing a probation officer to testify to the speeds Franklin's ankle monitor recorded as he fled the crime scene. The State contends any error was harmless. We agree.

"Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result." *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006). Such errors are "harmless beyond a reasonable doubt" when "guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached." *Id.* (quoting *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989)).

The testimony about the exact speeds Franklin was traveling at various times after the shooting could not have reasonably affected the result of the trial. Though the State's evidence was largely circumstantial, there was sufficient evidence pointing conclusively to Franklin's guilt. Franklin did not dispute being at the scene of the murder. Surveillance footage showed that the shooting occurred within one minute of his arrival and within thirty to forty seconds of him walking over to the group where the victim was standing. Franklin conceded that he cut off his ankle monitor and fled the state right after the shooting. There was also evidence that Franklin and the victim had prior "beef" and that Franklin had threatened the victim mere weeks before the murder.

The jail calls were also strong evidence of Franklin's guilt. Franklin seemed to discuss the shooting as being inevitable and conveyed that he regretted being unable to run from law enforcement when he was found in Ohio. He also appeared to express gratitude that law enforcement had not found "the gun." This corresponds with the fact that the murder weapon was never found.

There was also other evidence apart from the precise speeds recorded by the ankle monitor that Franklin rapidly fled after the shooting. *See State v. McFarlane*, 279 S.C. 327, 330, 306 S.E.2d 611, 613 (1983) ("[T]he admission of improper evidence is harmless whe[n] it is merely cumulative to other evidence."). One witness testified she was almost hit by Franklin's car as he sped away from the scene. The location points from Franklin's ankle monitor, which were not objected to, also

indicated Franklin was traveling at a high speed given how quickly he got from one location to the next. The passenger in the vehicle with Franklin said he drove "fast" from the scene. Therefore, we find the testimony regarding the specific speeds Franklin traveled did not reasonably affect the result of the trial and its admission was harmless.

**DIRECTED VERDICT**

Last, Franklin argues the State did not present substantial circumstantial evidence of his guilt and the trial court should have directed verdicts in his favor. We disagree.

A directed verdict is warranted "when the State fails to produce evidence of the offense charged." *State v. Walker*, 349 S.C. 49, 53, 562 S.E.2d 313, 315 (2002). "In reviewing a motion for directed verdict, [courts are] concerned with the existence of the evidence, not with its weight." *Id.* Circumstantial cases must be submitted to the jury "if there is any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced." *Id.* (quoting *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001)). As explained in our harmless error analysis in the previous section, there was enough evidence for the jury to convict Franklin, and thus certainly enough evidence to submit the case to the jury. Therefore, we affirm the denial of Franklin's motion for directed verdicts.

**CONCLUSION**

Based on the foregoing, we affirm Franklin's convictions.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.